Davis agt. Garr.

------

## SUPREME COURT.

DAVIS, &c. agt. GARR adm'r, &c. of MITCHELL.

On a sale of lands, the terms were that promissory notes should be given by the purchaser; the vendor was not to give a deed until the notes were paid, and if any of the notes were unpaid at maturity, the vendor should, on due notice (as specified) resell the lots at the risk of the purchaser. *Held*, that the arrangement was in the nature of a mortgage for purchase money, and the purchaser was responsible for the deficiency after allowing what the lands produced on the resale.

Leave to amend for the purpose of setting up such resale as a bar, refused.

*New York Special Term, May* 1852. *Motion to amend.* An action was commenced in the Superior Court in September 1845, against the defendant, as administrator, on three notes made by the intestate on 24th April 1837.

The defendant put in a variety of pleas, among others the statute of limitations, a set off in favor of the intestate, and that the plaintiffs who were *described* as trustees had ceased to be trustees.

An issue of fact was joined as to the set off, and the other pleas ended in demurrers, which were found in favor of the plaintiffs. A reference was ordered by consent in February 1846,

as to the issue of fact, and to assess the damages of the plaintiffs; the referee reported in that year in favor of the plaintiffs for the sum of $16,843·93, on which judgment was entered in January term, 1847. The defendant appealed to the Supreme Court and from there to the Court of Appeals, and the judgment was affirmed in both courts.

——— ———, *for Plaintiffs.*

——— ———, *for Defendant.*

MITCHELL, Justice.—The defendant now says that after judgment was given in favor of the plaintiffs on the *demurrers*, he first discovered that the lands, for the purchase of which the notes were given, were sold by the plaintiffs and bought in by the company.

The judgment to which he refers, was given in February 1846, and after that, he consented to a reference, and on the reference the amount which the lands brought on the resale were credited to the defendant, so as to reduce just so much the account against him. Knowing the sale, he chose not to apply to the Superior Court for leave to put in a plea of that resale, nor to seek any relief in that court on that account; but to allow judgment to be entered against him in that court, and then try his chance in the Supreme Court and Court of Appeals, to reverse that judgment. He now asks to open all the pleadings and allow him to plead anew. It is too late, and he has delayed too long in his application to be allowed so extraordinary a favor.

From the facts stated, it would seem most like y tnat the defendant concluded that the facts which he would now introduce would constitute no defence, and therefore would not trust his defence to them; and in that he was apparently correct.

The terms of sale were that if he failed to pay any of the notes, the plaintiffs should be at liberty on giving thirty days notice in a public gazette in Apalachicola, to sell the lots bought by him *at his risk* for the benefit of the company, of which the plaintiffs were trustees; the company were not to give deeds for the lands until the notes should be paid. In 1842, the notes not being paid, the trustees sold the lots pursuant to the terms of sale.

The arrangement was in the nature of a mortgage for purchase

money, with a power of sale and a liability in the mortgagor for any deficiency. Under such an arrangement the sale would be regular and the person contracting to buy would be responsible for the face of his notes and entitled to an allowance for what the lands should produce on the resale. And the referee settled the account on that principle.

If the principle were erroneous, the defendant should have taken advantage of it in the account settled by the referee; and if the resale released the defendant's intestate from liability on the notes instead of entitling him only to a deduction of the proceeds of the resale, that point should have been presented at that time. The including of the proceeds of resale in the allowance to the defendant, and not making the resale a bar to the action, was an adjudication in effect, that the resale was not a bar to the action, but cause for mitigation of damages only. Such adjudication seems also to be correct.

The motion to amend the pleadings is denied with $10 costs.